*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-0807**

IN RE ROBERT J. CORRY, JR., ESQUIRE

**DDN:2021-D032**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 467296**

BEFORE: McLeese and Deahl, Associate Judges, and Washington, Senior Judge.

### O R D E R
(FILED— March 2, 2023)

On consideration of the certified order from the state of Colorado disbarring respondent from the practice of law by consent; this court's October 28, 2022, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; respondent's response; and the statement of Disciplinary Counsel including a request for reinstatement to be conditioned upon respondent's reinstatement in Colorado; and it appearing that respondent has not objected to that condition of reinstatement or filed his D.C. Bar R. XI, § 14(g) affidavit with this court, it is

ORDERED that Robert J. Corry, Jr., is hereby disbarred from the practice of law in the District of Columbia with reinstatement conditioned upon his reinstatement in Colorado. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare). Although respondent argues he was deprived of due process, he waived his right to an evidentiary hearing in Colorado in his stipulation, the stipulation recognized his "personal or emotional problems" as mitigating factors, and Colorado has a lawyer assistance program – the Colorado Lawyer Assistance Program. Respondent identifies no other specific deficiencies in the Colorado disciplinary process that would weigh against imposing reciprocal discipline, and his other arguments are an attempt to re-litigate aspects of

the proceedings. *See In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("[P]ut simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."); *cf. In re Richardson*, 692 A.2d 427, 434 (D.C. 1997) ("[I]f Richardson validly waived an evidentiary hearing in Florida, he is deemed to have waived any evidentiary hearing on the same charges that would otherwise be required by due process . . .").  It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**